**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MERRILL E. WILSON,

        Plaintiff,

vs.                                                     Case No. 3:07-cv-526-J-32HTS

G. MARSHALL BUTLER, JANE J. BUTLER
and the M/V "SEA MONEY GO,"

        Defendants.

_____

In the Matter of the Complaint of:
BUTLER MARINE, LLC as Owner of the
Unnamed 2004 12' KAWASAKI WAVERUNNER   Case No. 3:07-cv-898-J-32HTS
Bearing Hull Identification Number
KAW60328J304 in a Cause of Exoneration from
or Limitation of Liability,

        Petitioner.

_____

## **ORDER**[1]

        This case is before the Court on defendants G. Marshall Butler and Jane J. Butler and petitioner Butler Marine, LLC's ("defendants") Motion for Summary Judgment (Doc. 35), plaintiff Merrill E. Wilson's Response (Doc. 40), defendants' Reply (Doc. 44) plaintiff's Sur-Reply (Doc. 51), and supplemental briefing from both

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

parties (Docs. 63, 64); plaintiff's Motion to Strike a Portion of defendants' Supplemental Memorandum (Doc. 66) and defendants' Response (Doc. 67); defendants' Amended Motion to Strike Thomas A Knighten as an Expert Witness (Doc. 43) and plaintiff's Response (Doc. 50); and Butler Marine, LLC's Motion to Dismiss regarding the claims in member case 3:07-cv-898 (Doc. 62) and Claimant Merrill E. Wilson's Response. (Doc. 69.) The Court held a hearing on November 17, 2008, the record of which is incorporated by reference.

**I. Background**

This case arises from a jet-ski accident in the Bahamas. Plaintiff was hired by Captain Paige Feigenbaum to work as mate aboard the private yacht "SEA MONEY GO." (Wilson Dep. 80:14-16, 84, Jan. 29, 2008.) Captain Feigenbaum was hired by defendants on a temporary assignment to captain the SEA MONEY GO for three or four days in Marsh Harbor, Bahamas. (Id. 84-85.) Captain Feigenbaum was then to sail the yacht back to Jacksonville, Florida. (Id.) With defendants' consent, Captain Feigenbaum hired plaintiff to assist him with this task as his mate. (Feigenbaum Dep. 19:20-21; 26:10-21, Apr. 28, 2008.)

The voyage began in June 2003. While the date is somewhat unclear in the record, on or about June 26, 2003, defendants' guests were invited to use a jet-ski attached to the SEA MONEY GO in the open water behind the vessel. (Doc. 1 ¶ 7; Wilson Dep. 98-99.) After all of the guests who desired to ride the jet-ski had a turn,

plaintiff disembarked the SEA MONEY GO and boarded the jet-ski. (Wilson Dep. 108:3-24.) While attempting to jump the SEA MONEY GO's wake, plaintiff suffered personal injuries. (Id. 121-123.)

## II. Legal Standard

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine material, factual dispute." Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252-53 (11th Cir. 2003) (internal quotations omitted). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). In determining whether summary judgment is appropriate, a court must draw inferences from the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts in that party's favor. Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1149 (11th Cir. 2005).

## III. Discussion

Plaintiff's complaint is separated into four counts: (1) Jones Act Negligence; (2) Unseaworthiness; (3) Maintenance and Cure; and (4) Negligence.

### a. Plaintiff's Jones Act Negligence Claim

The Jones Act provides seamen the right to sue their employers in negligence. 46 U.S.C. § 30104. While the question of who qualifies as a Jones Act seaman is a mixed question of law and fact, summary judgment "is mandated where the facts and the law will reasonably support only one conclusion." McDermott Int'l, Inc. v. Wilander, 498 U.S. 337 (1991). The Jones Act does not define "seaman," and "therefore leaves to the courts the determination of exactly which maritime workers are entitled to admiralty's special protection." Chandris, Inc. v. Latsis, 515 U.S. 347, 355 (1995). In Chandris, the Supreme Court held that a worker is a Jones Act seaman if (1) his "duties contribute to the function of the vessel or to the accomplishment of its mission" and (2) he has "a connection to a vessel in navigation (or to a fleet of vessels under common ownership or control) that is substantial in terms of both duration and nature." Id. at 368 (internal quotation omitted). Defendants concede that plaintiff meets the first prong of the Chandris test because his work contributed to the function of the SEA MONEY GO. (Doc. 35 at 10.)

Genuine issues of material fact on the second prong preclude summary judgment on this claim. The requirement that the putative seaman have a substantial connection to the vessel to qualify as a Jones Act seaman is intended "to separate the sea-based maritime employees who are entitled to Jones Act protection [and other maritime causes of action] from those land-based workers who have only a transitory

or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." Chandris, 515 U.S. at 368. "Courts should not employ a snapshot test for seaman status, inspecting only the situation as it exists at the instant of injury; a more enduring relationship is contemplated in jurisprudence." Id. at 363 (internal quotation omitted).

Although plaintiff may have been a temporary employee, he was not a land-based worker within the meaning of the law as it has developed post-Chandris. This key difference is illustrated through an examination of the cases cited by defendants where summary judgment was appropriately granted. See e.g., Harbor Tug and Barge Co. v. Papai, 520 U.S. 548, 551 (1997) (employee hired to paint tug not seaman despite being hired by the same employer twelve separate times prior to the accident); Godeaux v. Dynamic Indus., Inc., 864 F. Supp 614, 621 (S.D. Tex. 1994) (rigger and painter temporarily assigned to a vessel for ten days not a seaman). While defendants argue that the Supreme Court's opinion in Papai is dispositive and establishes plaintiff as a land-based worker, the court in Papai expressly declined to comment on the significance of facts comparable to this case. See Papai, 520 U.S. at 559 ("This is not a case where the employee was hired to perform seagoing work during the employment in question, however brief, and we need not consider here the consequences of such an employment.").

Here, plaintiff's tasks had a more substantial connection to the SEA MONEY

GO's operation than the plaintiffs in the cases cited by defendants, as plaintiff functioned as a mate assisting Captain Feigenbaum. Additionally, close to one-hundred percent of plaintiff's employment was spent as a mate aboard the SEA MONEY GO. See Chandris, 515 U.S. at 371 (noting that a good rule of thumb is that a worker who spends less than thirty percent of his employment in the service of a vessel in navigation is not a seaman within the meaning of the Jones Act). At the summary judgment stage, the short duration of both the voyage (3-4 days and then the trip to Jacksonville) and plaintiff's relationship with the vessel is not dispositive. "Ten days is not a clearly inadequate temporal connection to vessels in navigation, sufficient to take the question from the jury by granting summary judgment." See Foulk v. Donjon Marine Co. Inc., 144 F.3d 252, 260 (3rd Cir. 1998) (reversing district court's grant of summary judgment) (internal marks omitted); see also Grothe v. Central Boat Rentals, Inc, No. G-08-0090, 2008 WL 2783457, *3 (S.D. Tex. July 15, 2008) (holding that injury on first day of employment does not preclude seaman status). Accordingly, summary judgment will be denied on Count I.[2]

### b. Plaintiff's other claims

Assuming arguendo that plaintiff is not a Jones Act seaman, plaintiff's

---

[2] Defendants also argue that summary judgment is appropriate because Captain Feigenbaum, and not the Butlers, was plaintiff's employer. An employer/employee relationship is required for Jones Act negligence claims. See Baker v. Raymond Intern., Inc., 656 F.2d 173, 175 (5th Cir. Unit A Sept. 1981). However, there are genuine issues of fact on this element that preclude summary judgment.

unseaworthiness claim would still survive summary judgment. Defendant's argument to the contrary is based on the fact that plaintiff does not meet the Chandris test and is not a Jones Act seaman; accordingly, or so the argument goes, plaintiff is a land-based worker falling under the Longshore Harbor Worker's Compensation Act (LHWCA). It is undisputed that if plaintiff did fall under the LHWCA, summary judgment should be granted because the remedies under that act are exclusive.

However, there is a third category of maritime workers established by Seas Shipping Co. v. Sieracki, 328 U.S. 85 (1946). A court recently explained this category in detail as it relates to a claim of unseaworthiness:

> An action for unseaworthiness may be brought by a plaintiff who is a 'seaman' under the Jones Act. Plaintiffs concede that [plaintiff] is not a seaman within the meaning of the Jones Act. However, under [Sieracki], the duty of seaworthiness extends to those who are not 'seamen' under the Jones Act, but who nonetheless are 'doing a seaman's work and incurring a seaman's hazards.' Under Sieracki, the duty of seaworthiness 'is not confined to seamen who perform the ship's service under immediate hire to the owner, but extends to those who render it with his consent or by his arrangement." Sieracki thus creates a class of 'Sieracki seamen.' Sieracki seamen have been held to include independent contractors temporarily aboard ships, e.g. carpenters, river pilots, and divers. One need not be engaged in traditional maritime work to be a Sieracki seamen: the doctrine has been held to encompass a hairdresser employed by an independent contractor in a cruise ship's beauty salon.

Radut v. State Street Bank & Trust Co., No. 03 Civ. 7663(SAS), 2004 WL 2480467 (S.D.N.Y. Nov. 4, 2004) (citations omitted). "The Sieracki doctrine was developed precisely for independent contractors who do the ship's work and are exposed to the

ship's hazards, but are not members of the ship's crew or under the direction of its officers." Id. at *3; see also Blanq v. Hapag-Lloyd A.G., 986 F. Supp 376, 383 (E.D. La. 1997) ("[F]or those workers who 'fall into the crack between seamen and longshore workers,' the Sieracki doctrine and the warranty of seaworthiness 'still rule the sea.'") (citations and marks omitted). Fifth Circuit precedent (binding in the Eleventh Circuit) instructs that this aspect of Sieracki is still good law. See Aparicio v. Swan Lake, 643 F.2d 1109 (5th Cir. Unit A Apr. 1981).[3] Accordingly, defendants are incorrect in asserting that plaintiff must qualify under the LHWCA if he is not a Jones Act seaman and summary judgment will be denied on Count II (unseaworthiness) and IV (general negligence).[4] Additionally, the Court will deny summary judgment on Count III (maintenance and cure) without prejudice.[5]

---

[3] Defendants attempt to distinguish Aparicio, claiming that "Aparicio is not applicable because that case determined that the Sieracki unseaworthiness remedy is only available to seafarers not protected by the LHWCA as a result of either being employed by the federal government or injured in a foreign country." (Doc. 63 at 5.) While a footnote in Aparicio provides some support for defendants' argument, the reasoning of that case is not so limited: "Until Congress abrogates the remedies created by the Supreme Court as they apply to maritime workers not covered by the LHWCA, those workers remain entitled to relief and their employers and vessel owners remain bound by the Sieracki-Ryan doctrine." Aparicio, 643 F.2d at 1118.

[4] Plaintiff's Count IV negligence claim is pled in the alternative; before trial, plaintiff must elect the theory under which he will proceed. Accordingly, the Court need not reach defendants' argument regarding plaintiff's Count IV negligence claim at this time. Plaintiff's Motion to Strike (Doc. 66) is therefore moot.

[5] Defendants cite a former Fifth Circuit case as standing for the proposition that Sieracki seamen are not entitled to maintenance and cure. See Flowers v. Savannah

### c. Defendant's Motion to Strike Expert Testimony/Report

Defendant has also moved to strike Thomas A. Knighten as an expert witness or portions of his report. "'The burden of laying a proper foundation for the admissibility of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence.'" Hall v. United Ins. Co. of America, 367 F.3d 1255, 1261 (11th Cir. 2004)(citation omitted). "[C]arrying this burden requires more than 'the *ipse dixit* of the expert.'" Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1113 (11th Cir. 2005) (quoting Michigan Millers Mut. Ins. Corp. v. Benfield, 140 F.3d 915, 921 (11th Cir. 1998)). The party offering the expert must show that: "'(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.'" Hudgens v. Bell Helicopters/Textron, 328 F.3d 1329, 1338 (11th Cir. 2003) (citation omitted).

Defendants' motion is facially insufficient at this point in the proceedings.

---

Machine & Foundry co., 310 F.2d 135, 139 (5th Cir. 1962) ("Of course, the Sieracki-seaman is not a real full-fledged seaman for all purposes. He has, for example, no claim for the traditional right to maintenance, wages and cure."). That case was decided prior to the 1972 Amendments to the LHWCA and concerned a land-based worker. The Court will carry this issue with the case.

Plaintiff's have put forward Mr. Knighten as an expert to testify regarding the duties and responsibilities of a captain aboard a vessel weighing 35 gross tons. While Mr. Knighten's recent job experience may be germane to his credibility, his CV shows that he is a former Professional Mariner Training program instructor and is certified by the U.S. Coast Guard as both a captain and an instructor. His lack of experience regarding Bahamian maritime law is irrelevant to the issue of admissibility and may be inapplicable to this case for the reasons stated by plaintiff. Accordingly, the motion is denied without prejudice.

In the alternative, defendants have asked the Court to strike portions of Mr. Knighten's report. The report is not evidence and plaintiff states in his response that he does not intend to seek its introduction into evidence. Defendant's request is denied without prejudice to objection to trial testimony regarding the disputed portion of the report.

### c. Butler Marine, LLC'S Motion to Dismiss

Butler Marine, LLC has also filed a motion to dismiss Wilson's claim in member case 3:07-cv-898. (Doc. 62.) Butler Marine argues that claimant's claim is barred by the statute of limitations because it was filed more than three years after the date of claimant's injury. However, Butler Marine's exoneration claim was not brought until that same limitation period had passed. Claimant filed a claim within three months of Butler Marine's filing. Accordingly, the Court will deny this motion without prejudice

and hear further discussion on the issue at the Final Pretrial Conference. It is hereby:

**ORDERED:**

1. Defendants G. Marshall Butler, Jane J. Butler and th M/V SEA MONEY GO's Motion for Summary Judgment (Doc. 35) is **DENIED**.

2. Defendants Motion to Strike Thomas A Knighten as an Expert Witness (Doc. 43) is **DENIED**.

3. Plaintiff Merrill E. Wilson's Motion to Strike a Portion of Defendants' Supplemental Memorandum (Doc. 66) is **MOOT**.

4. Petitioner Butler Marine, LLC's Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 62) is **DENIED WITHOUT PREJUDICE**.

5. This case will be reset with appropriate pretrial and trial deadlines by separate Order.[6]

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of January, 2009.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

---

[6] Regardless of the legal theory upon which plaintiff proceeds at trial, the Court remains deeply skeptical regarding the merit of plaintiff's case. However, presumably because they did not believe they had a legal basis to do so, defendants' motion for summary judgment does not directly address the facts of the case and whether plaintiff's case fails as a matter of law.

-11-

jcd.
Copies to:
Counsel of Record